UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILLIE NAPIER )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>B & T FINANCIAL SERVICES, LLC )<br>)<br>Defendant )<br>) | Case Number<br><br><br>CIVIL COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Millie Napier, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Millie Napier, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business in this District.

## III.    PARTIES

4. Plaintiff, Millie Napier ("Plaintiff") is an adult natural person residing at 4410 SW 91st Drive, Gainesville, FL 32608.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, B & T Financial Services, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability corporation engaged in the business of collecting debt within the State of Florida and the Commonwealth of Pennsylvania with a business address of 10425 Bromfield Road, Germantown, MD 20874 and with a registered office located at 2704 Commerce Street, Suite B, Harrisburg, PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7. The Plaintiff began receiving phone calls from the Defendant regarding an alleged debt due to Chase Manhattan Bank from 2002.

8. The Defendant has been contacting the Plaintiff on her parent's phone number since the Plaintiff resided there when the credit card was opened.

9. The Plaintiff no longer resides at her parent's home and the Defendant's constant phone calls have caused strain on the already weak relationship the Plaintiff has with her parents.

10. On or around August 16, 2010, the Plaintiff was staying at her parent's when she received a phone call from the Defendant while on the other line with a friend.

11. The Defendant stated that they were calling in regards to a debt in which the Plaintiff kindly requested that the Defendant call back in ten minutes when she will be done on the other line.

12. The Plaintiff then explained to the Defendant that the past few years have been very hard for the Plaintiff that she has been suffering from mental illness and severe depression due to an awful chain of events. The Plaintiff told the agent that she had been in an abusive relationship and was a twice a victim of a crime.

13. The Defendant's agent replied to the Plaintiff's story by saying, "life's hard for everyone," that he did not want to listen to the Plaintiff's "sob" story and that the Plaintiff must have deserved it. These comments made the Plaintiff break down and begin crying hysterically.

14. The agent of the Defendant continued to talk down to the Plaintiff in a nasty tone, telling the Plaintiff that she was having a "moment" and needed to call her therapist.

15. After the conversation ended, the Plaintiff decided to call the Defendant back in hopes to speak with the same agent in order to find out the agent's name to report him.

16. The Defendant's agent answered the call and when the Plaintiff asked for his name, the agent yelled at her to stop harassing him and refused to give the Plaintiff his name. The Plaintiff kindly asked the Defendant's agent, "Can I please have your name, sir?" but he continued to yell over her telling the Plaintiff that the Defendant "will just write it off!"

17. The Plaintiff did not understand why the Defendant needed to be so disrespectful and mean when the Defendant's intent was to write off the alleged debt anyway.

18. The harassing phone calls from the Defendant caused major emotional stress on the Plaintiff making the issues she is currently dealing with much worse.

19. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(6): | Placed telephone calls without disclosing his/her identity |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

    §§ 1692e(2):  Character, amount, or legal status of the alleged debt

    §§ 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

    §§ 1692g:  Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, B & T Financial Services, LLC and Order the following relief:

  a.  Actual damages;

  b.  Statutory damages pursuant to 15 U.S.C. §1692k;

  c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**
**WARREN & VULLINGS, LLP**

**Date: September 16, 2010**

**BY: /s/ Brent F. Vullings**

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff